1  DAVID P. MASTAGNI, ESQ. (SBN 57721)
   DAVID E. MASTAGNI, ESQ. (SBN 204244)
2  ISAAC S. STEVENS, ESQ. (SBN 251245)
   JEFFREY R. A. EDWARDS, ESQ. (SBN 265597)
3  DAVID L. KRUCKENBERG, ESQ. (SBN 307051)
   **MASTAGNI HOLSTEDT**
4  *A Professional Corporation*
   1912 "I" Street
5  Sacramento, California 95811-3151
   Telephone: (916) 446-4692
6  Facsimile: (916) 447-4614

7  Attorneys for Plaintiffs

8
                    UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11
   KEYEANNA SAUNDERS, suing individually )    [CLASS  ACTION  &  COLLECTIVE
12  and by and on behalf of all others similarly )  ACTION]
   situated, and the general public,          )
13                                             )    **COMPLAINT FOR:**
                        Plaintiffs             )    **1.   Violations of the Fair Labor**
14                                             )         **Standards Act (29 U.S.C. § 201**
                        v.                     )         ***et seq.***);
15                                             )    **2.   Failure to Pay Overtime and**
   FAST  AUTO  LOANS,  INC.,  a  California )         **Premium  Compensation  (Cal.**
16  Corporation  D/B/A/  FAST  AUTO  AND )         **Labor Code §§ 218.6, 510, 511,**
   PAYDAY LOANS; COMMUNITY LOANS )              **512, 558, 1194, 1198, 1199; Wage**
17  OF AMERICA, INC., a Georgia Corporation; )     **Order No. 4-2001);**
   and ROBERT REICH, an individual;           )    **3.   Failure to Pay Full Wages When**
18                                             )         **Due (Cal. Labor Code §§ 201,**
                                               )         **202, 203, 204, 1194, 1199);**
19                      Defendants.            )    **4.   Failure to Adhere to California**
                                               )         **Record Keeping Requirements**
20                                             )         **(Cal. Labor Code §§ 226, 226.3,**
                                               )         **1174, 1174.5; Wage Order No.**
21                                             )         **4-2001);**
                                               )    **5.   Unfair Business Practices (Cal.**
22                                             )         **Business & Professions Code §**
                                               )         **17200 *et seq.*);**
23                                             )    **6.   Private Attorneys General Act**
                                               )         **Claim  for  Violation  of  Cal.**
24                                             )         **Labor  Code  Provisions  (Cal.**
                                               )         **Labor Code § 2698 *et seq.*);**
25                                             )    **7.   Injunctive and Monetary Relief.**
                                               )
26  _____ )    **Demand for Jury Trial**

27  ///
28  ///

## INTRODUCTION

1. This is a class/collective action, seeking unpaid overtime wages, compensation and interest thereon, waiting time penalties, liquidated damages and other penalties, and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act sections 6 and 7, 29 U.S.C. sections 206, 207, 211, and 216, Title 8 of the California Code of Regulations, Wage Order No. 4-2001, California Labor Code sections 200-204, inclusive, 210, 218, 218.5, 218.6, 226, 226.3, 510, 511, 512, 558, 1194, 1198, and 1199, California Business and Professions Code section 17200 *et seq.*, California Code of Civil Procedure section 1021.5, and the Private Attorneys General Act, California Labor Code section 2698 *et seq.* This action invokes the supplemental jurisdiction of this Court to consider claims arising under California law.

2. KEYEANNA SAUNDERS ("SAUNDERS"), on behalf of herself and all similarly situated employees of DEFENDANTS, seeks relief on behalf of the general public of the State of California and those persons and entities affected by the practice, pursuant to Business and Professions Code section 17204.

3. This action is brought as a class action under the provisions of Federal Rule of Civil Procedure 23, and as a collective action under 29 U.S.C. section 216 of the Fair Labor Standards Act ("FLSA").

4. SAUNDERS brings this action against Defendants FAST AUTO LOANS, INC., a California Corporation D/B/A/ FAST AUTO AND PAYDAY LOANS (hereinafter, "FAST AUTO"), a wholly owned subsidiary of COMMUNITY LOANS OF AMERICA, INC., a Georgia Corporation (hereinafter "COMMUNITY LOANS"); and ROBERT REICH, an individual (collectively, "DEFENDANTS").

5. SAUNDERS brings this action on behalf of herself and all other persons similarly situated (hereinafter referred to as the "Plaintiff Class Members" and/or the "FLSA Class Members," and/or the "California Class Members," including subclass "California Class Members Formerly Employed by Defendants") who are, or have been, employed by DEFENDANTS as non-exempt branch managers and performed branch management,

1  sales, marketing, and collection related activities for DEFENDANTS in California within

2  the applicable statutory periods.

3  6.   The FLSA of 1938, as amended, section 201 *et seq.*, provides for minimum standards for

4  overtime compensation and details administrative procedures by which covered overtime

5  work time must be compensated. The FLSA provides the Federal Courts with substantial

6  authority to redress labor abuses such as those at issue in this Complaint.

7  7.   The California Labor Code and Industrial Welfare Commission Wage Orders provide

8  protection to hourly workers, including, but not necessarily limited to, timely and

9  sufficient pay for all hours worked and requirements for the maintenance of accurate

10  employee records.

11  8.   On information and belief, FAST AUTO was and is doing business as FAST AUTO

12  AND PAYDAY LOANS to provide consumer loan services to its customers in the State

13  of California.

14  9.   On information and belief, and at all times relevant to this action, SAUNDERS and

15  Plaintiff Class Members were employed by DEFENDANTS within the meaning of the

16  FLSA and California Labor Code to provide branch management, sales, marketing, and

17  collection related services at certain branch locations and customer or client locations in

18  the State of California.

19  10.  On information and belief, DEFENDANTS have had a consistent policy of requiring

20  SAUNDERS and the Plaintiff Class Members to work in excess of eight (8) hours per

21  day and/or forty (40) hours per week without paying them full and proper overtime

22  compensation; willfully failing to provide SAUNDERS and the Plaintiff Class Members

23  with mandatory rest periods; willfully failing to provide SAUNDERS and the Plaintiff

24  Class Members with mandatory meal periods; willfully failing to pay compensation

25  (including premium and overtime pay) in a prompt and timely manner to SAUNDERS

26  and the Plaintiff Class Members; and willfully failing to provide SAUNDERS and the

27  California Class Members with accurate semi-monthly itemized wage statements of the

28  total number of hours each of them worked and the applicable deductions.

11.   On information and belief, DEFENDANTS routinely employed SAUNDERS and the Plaintiff Class Members to perform work in excess of 40 hours in a seven (7) day work week and in excess of daily overtime thresholds under California law by assigning SAUNDERS and the Plaintiff Class Members to work overtime hours at less than time and one half of the regular rate of pay.

12.   On information and belief, DEFENDANTS routinely employed SAUNDERS and the Plaintiff Class Members to perform work in excess of five (5) hours in a workday without providing a mandatory meal period, and in excess of four (4) hours in a workday without providing a mandatory rest period, and routinely failed to compensate SAUNDERS and the Plaintiff Class Members with premium pay for missed meal and rest periods.

13.   On information and belief, FAST AUTO engaged in a scheme to require SAUNDERS and the Plaintiff Class Members to, in the middle of a scheduled eight (8) hour shift, clock out, travel between branch locations and customer or client locations, and clock in again to complete their scheduled shift without being provided all mandatory meal and rest periods.  On information and belief, SAUNDERS alleges that FAST AUTO engaged in this scheme to avoid DEFENDANTS' obligations under the FLSA and California law to provide overtime and premium compensation, and other statutory workplace protections.

14.   On information and belief, and at all times relevant to this action, DEFENDANTS have employed numerous other individuals under the same or similar sham of being required to travel between branch locations and customer or client locations while off the clock to avoid the requirements of the FLSA and California laws.  Despite actual knowledge of these facts and legal requirements, DEFENDANTS have enjoyed an advantage over their competition and disadvantaged their workers by electing not to pay their non-exempt employees overtime compensation based upon their aggregate hours worked for DEFENDANTS.

15.   On information and belief, officers of DEFENDANTS, including ROBERT REICH, knew of these facts and legal requirements, yet, nonetheless, repeatedly authorized and/or

1    ratified the violation of the laws cited herein.

2    16.   Class certification of the claims set forth in this action is appropriate under both Federal

3          Rule of Civil Procedure 23 and California Code of Civil Procedure section 382.  Class

4          treatment of this action is appropriate because the class is so numerous that joinder of all

5          members is impracticable, the issues of law and fact are common to the class,

6          SAUNDERS' claims are typical of the claims of the class, and the representative party

7          will fairly and adequately protect the interests of the class. SAUNDERS , on behalf of

8          herself and the FLSA Class Members, request that the Court authorize facilitated notice

9          to similarly situated individuals pursuant to Section 216(b) of the FLSA and *Hoffman-*

10         *LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989).

11   17.   SAUNDERS, on behalf of herself and all similarly situated employees of DEFENDANTS

12         seeks compensation for all uncompensated work; all penalties, liquidated damages, and

13         other damages permitted by law; restitution and/or disgorgement of all benefits obtained

14         by DEFENDANTS from their unlawful business practices; all other forms of equitable

15         relief permitted by law; and reasonable attorneys' fees and costs.

16                           **JURISDICTION AND VENUE**

17   18.   Jurisdiction for this collective action is conferred on this Court by 28 U.S.C. section 1331

18         and Section 216(b) of the FLSA.  This Court has subject matter jurisdiction of this action

19         pursuant to 29 U.S.C. section 216(b).

20   19.   This Court has supplemental jurisdiction over all other claims under California law

21         alleged in this action under 28 U.S.C. section 1367, because they form part of the same

22         case or controversy as the aforementioned claims.

23   20.   The Eastern District of California has personal jurisdiction over DEFENDANTS because

24         Defendant FAST AUTO resides in California and has applied with the California

25         Secretary of State to do business and is doing business in California and in this District as

26         a wholly owned subsidiary of Defendant COMMUNITY LOANS, and because the acts

27         giving rise to this action occurred in this State and this District.

28   21.   Venue is proper in this District pursuant to 28 U.S.C. section 1391(b)(2) and (c) because

---

1    a substantial part of the events giving rise to the claims described herein, including the

2    overtime work performed by SAUNDERS and Plaintiff Class Members, and the under-

3    payment of wages owed, occurred within the Eastern District of California.  Further,

4    DEFENDANTS continue to perform substantial business operations within the Eastern

5    District of California.

6    22.  SAUNDERS was employed and performed the work giving rise to the claims set forth in

7    the action within the Eastern District of California.  The unlawful acts alleged herein have

8    a direct effect on SAUNDERS and those similarly situated within the State of California

9    and within this judicial district.  SAUNDERS also resides in the Eastern District of

10   California.

11   23.  Each and every Defendant named was, at all times relevant hereto, a person, corporation

12   or other business entity existing and operating within the confines of the State of

13   California, and thus subject to the jurisdiction of the California courts by reason of

14   "minimum contacts" in California, and/or by purposeful availment of the California

15   market for labor of the kind provided by SAUNDERS and the Plaintiff Class Members,

16   and did transact and conduct business in the State of California, and are thus subject to

17   the jurisdiction of all laws, regulations and court decisions rendered by the State of

18   California.  DEFENDANTS maintain offices, operate businesses, employ persons,

19   conduct business in, and pay employees by illegal payroll practices and policies in the

20   State of California.

21                              **THE PARTIES**

22   24.  KEYEANNA SAUNDERS is a natural person and a resident of Sacramento, California.

23   She was formerly employed by DEFENDANTS as the term is defined in 29 U.S.C.

24   section 203(e) and California Code of Regulations, title 8, section 11040(2)(F) from on or

25   about 2014 to on or about 2015.  Her position was that of branch manager at various

26   branch locations of FAST AUO.  In her capacity as a non-exempt branch manager,

27   SAUNDERS was engaged in commerce or the production of goods for commerce, as that

28   phrase is defined within the meaning of the FLSA, 29 U.S.C. section 203.

25. SAUNDERS hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. sections 216(b) and 256.  Additional Plaintiffs will be signing Consent to Join as Individual Plaintiff forms on this claim in the future.

26. SAUNDERS is the named representative of the FLSA Class Members, consisting of all employees employed by FAST AUTO as non-exempt branch managers and performing branch management related activities at any time from three years before the filing of the instant Complaint, or other applicable statute of limitations, to the present, and whose total hours worked for FAST AUTO exceeded the FLSA statutory threshold for overtime compensation, e.g., forty hours per work week.

27. SAUNDERS is the named representative of the California Class Members, consisting of all employees employed by FAST AUTO as non-exempt branch managers and performing branch management related activities at any time from four years before the filing of the instant Complaint, or other applicable statute of limitations, to the present, and whose total hours worked for FAST AUTO exceeded the statutory threshold for overtime compensation, e.g., forty hours per work week, eight hours per day or ten hours per day, and who were not provided mandatory meal and rest periods.

28. On information and belief, Defendant FAST AUTO is a California corporation providing consumer loan services throughout California and the United States, with its corporate headquarters in Atlanta, Georgia.

29. On information and belief, FAST AUTO has or has had in the past three years offices and branch locations in the Northern California area in or around Sacramento, Citrus Heights, Arden-Arcade, Florin, Antelope, West Sacramento, and Woodland, among other locations.  Although the exact number and location of FAST AUTO California locations is unknown at this time, this information is readily ascertainable from DEFENDANTS through discovery of their payroll and personnel records.

30. On information and belief, FAST AUTO engages in interstate commerce by providing consumer loan services throughout the United States including, but not limited to, California, Nevada, Arizona, Colorado, Virginia, and Maryland.  FAST AUTO employs

1   several hundred non-exempt branch managers throughout the United States.

2   31.   At all relevant times, FAST AUTO was and is PLAINTIFFS' "employer" pursuant to 29

3   U.S.C. section 203 and California law.  Additionally, FAST AUTO was and is

4   PLAINTIFFS' "employer" as one who directly or indirectly, or through an agent or any

5   other person, exercises control over the wages, hours, or working conditions of any

6   person, and engages, suffers or permits a person to work pursuant to Wage Order No.

7   4-2001 and California Labor Code section 18.

8   32.   On information and belief, Defendant COMMUNITY LOANS is the parent company of

9   FAST AUTO, and FAST AUTO operates as a D/B/A, alter ego and/or division of

10   COMMUNITY LOANS or alternatively, a putative independent entity and Joint

11   Employer pursuant to 29 C.F.R. section 791.2 and California law.  COMMUNITY

12   LOANS was and is an "employer" of PLAINTIFFS within the meaning of 29 U.S.C.

13   section 203(d) as any person "acting directly or indirectly in the interest of an employer in

14   relation to an employee" and section 11040(2)(H) of title 8 of the California Code of

15   Regulations as any person who "employs or exercises control over the wages, hours, or

16   working conditions of any person."

17   33.   On information and belief, Defendant ROBERT REICH, an individual, is President and

18   Chief Executive Officer of COMMUNITY LOANS.  ROBERT REICH was and is an

19   "employer" of PLAINTIFFS within the meaning of 29 U.S.C. section 203(d) as any

20   person "acting directly or indirectly in the interest of an employer in relation to an

21   employee" and section 11040(2)(H) of title 8 of the California Code of Regulations as

22   any person who "employs or exercises control over the wages, hours, or working

23   conditions of any person."

24   <u>**COMMON ALLEGATIONS**</u>

25   34.   SAUNDERS, on behalf of herself and Plaintiff Class Members, repeats and re-alleges

26   each and every allegation contained in Paragraph Nos. 1 through 33, inclusive, above as

27   though set forth fully herein.

28   35.   On information and belief, SAUNDERS and the FLSA Class Members were employed

---

1   by DEFENDANTS within the three year period preceding the filing of this action.

2   36.   On information and belief, SAUNDERS and the California Class Members were

3   employed by DEFENDANTS during the four year time period preceding the filing of

4   PLAINTIFFS' Complaint in the instant action.

5   37.   On information and belief, FAST AUTO is a wholly owned subsidiary of COMMUNITY

6   LOANS, and provides consumer loan services specifically for its customers throughout

7   California and the United States.  FAST AUTO employs several hundred non-exempt

8   branch managers at various branch locations throughout California and the United States.

9   38.   On information and belief SAUNDERS and Plaintiff Class Members comply with FAST

10   AUTO's requirement for documenting time worked; specifically, SAUNDERS and all

11   Plaintiff Class Members use electronic time keeping devices to "clock in" upon arriving

12   to a FAST AUTO work location at the beginning of each shift and to "clock out" before

13   leaving work at the end of each shift, as well as to "clock out" before traveling between

14   FAST AUTO work locations and to "clock in" upon arriving again at a FAST AUTO

15   work location.

16   39.   On information and belief, SAUNDERS' and Plaintiff Class Members' activities as non-

17   exempt branch managers included but were not limited to overseeing opening and closing

18   procedures for branch locations, management and training of branch personnel, assisting

19   customers with loan applications, attending marketing events, and performing debt

20   collection and property repossession procedures as directed and controlled by FAST

21   AUTO.

22   40.   On information and belief, SAUNDERS and Plaintiff Class Members were required by

23   DEFENDANT to, in the middle of a scheduled shift, clock out, travel between branch

24   locations and customer or client locations, and clock in again.

25   41.   On information and belief, in 2014 FAST AUTO required SAUNDERS to travel between

26   branch locations and customer or client locations while off the clock for an average of

27   one (1) hour per day on or about fifteen (15) times per month.  For example, in July 2014

28   FAST AUTO required SAUNDERS to travel between branch locations and customer or

1   client locations while off the clock for one (1) hour on seventeen (17) separate days, and

2   in August 2014 FAST AUTO required SAUNDERS to travel between branch locations

3   and customer or client locations while off the clock for one (1) hour on twenty-one (21)

4   separate days.  These locations included, but were not limited to, FAST AUTO's

5   locations and its customers' or clients' locations in or around Sacramento, Citrus Heights,

6   Arden-Arcade, Florin, Antelope, West Sacramento, and Woodland.

7   42.   On information and belief, FAST AUTO provided SAUNDERS and Plaintiff Class

8   Members with monetary reimbursement for the miles driven in a personal car between

9   branch locations and customer or client locations on work days for FAST AUTO's

10   benefit, but FAST AUTO did not pay SAUNDERS and Plaintiff Class Members for their

11   actual travel time.

12   43.   SAUNDERS' and Plaintiff Class Members' payroll records reflect that SAUNDERS and

13   Plaintiff Class Members were not properly compensated by DEFENDANTS for the time

14   spent traveling between branch locations and customer or client locations as required by

15   DEFENDANTS.

16   44.   On information and belief, FAST AUTO regularly failed to provide SAUNDERS and

17   Plaintiff Class Members with a rest period during shifts lasting more than four (4) hours.

18   45.   On information and belief, FAST AUTO regularly failed to provide SAUNDERS and

19   Plaintiff Class Members with a meal period during shifts lasting more than five (5) hours.

20   46.   On information and belief, FAST AUTO did not secure a waiver from non-exempt

21   employees to forfeit their meal periods.

22   47.   On information and belief, FAST AUTO's common course of conduct is to alter the time

23   records of SAUNDERS and Plaintiff Class Members so to reflect that rest and meal

24   periods were taken, when in fact no such rest or meal periods were provided by FAST

25   AUTO nor taken by the employee.  This is accomplished by retroactively altering time

26   records and has resulted in SAUNDERS and Plaintiff Class Members being deprived of

27   compensation owed to them under California state law.

28   48.   On information and belief, FAST AUTO failed to provide SAUNDERS with a required

1    rest break or meal break or to properly compensate her for the missed rest break or meal

2    break on at least six (6) occasions over a non-consecutive six (6) week period in 2014.

3    On each of those occasions, FAST AUTO failed to include the time SAUNDERS spent

4    traveling between FAST AUTO locations in her hours actually worked.

5    49.    SAUNDERS' and Plaintiff Class Members' payroll records reflect that SAUNDERS and

6    Plaintiff Class Members regularly worked more than forty (40) hours per work week, and

7    more than eight (8) hours per work day performing branch management related activities

8    for DEFENDANTS, and were not provided mandatory meal and rest periods.

9    50.    On information and belief, SAUNDERS and Plaintiff Class Members regularly worked

10    more than forty (40) hours per work week, and more than eight (8) hours per work day

11    performing branch management related activities for DEFENDANTS and providing

12    consumer loan services to DEFENDANTS' customers, and were not provided mandatory

13    meal and rest periods.

14    51.    On information and belief, an average work week for SAUNDERS and Plaintiff Class

15    Members included working around forty-five (45) hours throughout the week, more than

16    eight (8) hours per day around five (5) days each week, and more than twelve (12) hours

17    per day around one (1) day each week,  performing branch management related activities

18    for DEFENDANTS, and being denied all mandatory meal and rest periods throughout the

19    week due to DEFENDANTS' requirement that SAUNDERS and Plaintiff Class Members

20    travel between branch locations and customer or client locations while off the clock and

21    still perform all required duties when on the clock.

22    52.    SAUNDERS and Plaintiff Class Members' payroll records reflect that SAUNDERS and

23    Plaintiff Class Members were not paid overtime compensation at the applicable overtime

24    rate of pay for all hours worked in excess of the minimum threshold of hours worked of

25    forty hours per work week, eight hours per work day, and were not paid premium

26    compensation for missed meal and rest periods.

27    53.    On information and belief, DEFENDANTS failed to provide SAUNDERS and Plaintiff

28    Class Members the requisite overtime compensation for all hours worked in excess of the

1    minimum threshold of hours worked of forty hours per work week, eight hours per work

2    day under Federal and California law, respectively, and failed to provide SAUNDERS

3    and Plaintiff Class Members the requisite premium compensation for all missed meal and

4    rest periods.

5    54.   On information and belief, SAUNDERS hereby alleges, on behalf of herself and Plaintiff

6    Class Members, that DEFENDANTS willingly and knowingly withheld overtime

7    compensation due to SAUNDERS and Plaintiff Class Members for hours worked in

8    excess of forty hours per work week, eight hours per work day, and/or other applicable

9    thresholds for determining overtime compensation, and knowingly withheld premium

10   compensation due to SAUNDERS and Plaintiff Class Members for missed meal and rest

11   periods.

12   55.   On information and belief, SAUNDERS and Plaintiff Class Members are non-exempt

13   employees under 19 U.S.C. section 203 and California law.

14   56.   On information and belief, DEFENDANTS willfully and/or recklessly engaged in a

15   scheme to withhold paying SAUNDERS and Plaintiff Class Members overtime

16   compensation and premium compensation by requiring SAUNDERS and Plaintiff Class

17   Members to, in the middle of a scheduled eight-hour shift, clock out, travel between

18   branch locations and customer or client locations, and clock in again to complete their

19   scheduled shift without being provided all mandatory meal and rest periods, and thereby

20   attempted to establish that SAUNDERS and Plaintiff Class Members were therefore not

21   entitled to overtime compensation or premium compensation under California and

22   Federal law.

23   57.   On information and belief, DEFENDANTS engaged in unlawful, unfair or fraudulent

24   business act or practices to avoid the legal requirement to pay overtime compensation and

25   premium compensation, and therefore such acts constitute unfair business practices.

26                          **COLLECTIVE ACTION ALLEGATIONS**

27   58.   SAUNDERS, on behalf of herself and FLSA Class Members, repeats and re-alleges each

28   allegation contained in Paragraph  Nos. 1 through 57, inclusive, above as though set forth

---

1  fully herein.

2  59.  SAUNDERS brings the First Cause of Action for violation of the Fair Labor Standards

3      Act ("FLSA") as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C.

4      section 216(b), on behalf of herself and all other similarly situated individuals under the

5      provisions of 29 U.S.C. section 216 for damages, liquidated damages under a three year

6      statute of limitations, and relief incident and subordinate thereto, including costs and

7      attorneys' fees.

8  60.  The First Cause of Action for violations of the FLSA is brought and maintained as an

9      "opt-in" collective action pursuant to 29 U.S.C. section 216(b) for all violations of the

10     FLSA.

11 61.  The individuals in this Class are collectively referred to as the "FLSA Class Members" or

12     the "FLSA Class."

13 62.  A collective action is a superior method for bringing this action in that there is a well

14     defined community of interest in the questions of law and fact.

15 63.  SAUNDERS and FLSA Class Members are similarly situated and are subject to

16     DEFENDANTS' common practice, policy, or plan of failing to compensate SAUNDERS

17     and FLSA Class Members for all hours worked and refusing to pay overtime in violation

18     of the FLSA.

19 64.  SAUNDERS seeks to represent the FLSA Class Members.  The FLSA Class consists of

20     all non-exempt branch managers who at any time three (3) years prior to the filing of this

21     lawsuit performed an aggregate of more than forty (40) hours of branch management and

22     consumer loan services related work for DEFENDANTS in any work week without

23     receiving overtime compensation for all aggregate hours worked in excess of forty (40).

24 65.  Common questions of law and fact in the action exist that relate to and affect the rights of

25     each member of the class, namely, whether DEFENDANTS maintained a policy requiring

26     SAUNDERS and FLSA Class Members to work in excess of forty (40) hours per week

27     without paying them full and proper overtime compensation, and whether

28     DEFENDANTS maintained a policy of failing to collect and maintain accurate records.

COMPLAINT

*Saunders v. Fast Auto Loans, Inc., et al.*
Eastern District Court of California

66. The exact number of members of the class identified and described above is not known. The class is so numerous that joinder of individual members herein is impracticable. SAUNDERS is informed and believes, and on that basis alleges, that the FLSA Class consists of more than fifty (50) individuals who have been employed by DEFENDANTS during the three (3) years immediately prior to the filing of the instant Complaint. Although the exact number and identities of class members are unknown at this time, this information is readily ascertainable from DEFENDANTS through discovery of their payroll and personnel records.

67. The attorneys for SAUNDERS and FLSA Class Members are experienced and capable in the field of the FLSA and labor/employment litigation and have successfully represented claimants in other litigation of this nature.  Of the attorneys designated as counsel for PLAINTIFFS, David P. Mastagni, David E. Mastagni, Isaac S. Stevens, Jeffrey R. A. Edwards, and David L. Kruckenberg will actively conduct and be responsible for SAUNDERS' case herein.

68. This action is properly maintained as a collective action because the prosecution of separate actions by individual members would create a risk of varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for DEFENDANTS and, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

69. The names and addresses of additional collective action plaintiffs are available from DEFENDANTS, and notice should be provided by first class mail to their last known address and by workplace posting as soon as possible.

## CLASS ACTION ALLEGATIONS

70. SAUNDERS, on behalf of herself and California Class Members, repeats and re-alleges each and every allegation contained in Paragraph Nos. 1 through 69, inclusive, above as though set forth fully herein.

71. SAUNDERS brings this action on behalf of herself and all California Class Members as a

Class Action pursuant to Federal Rule of Civil Procedure 23(a), (b)(1), and (b)(3). SAUNDERS seeks to represent a class defined as all non-exempt branch managers who are currently employed or have been employed by FAST AUTO within the State of California at any time four (4) years prior to the filing of this lawsuit, and who in the aggregate worked more than eight (8) hours in a day or forty (40) hours in a week for FAST AUTO without being compensated at the proper premium or overtime rate.

72. The individuals in this Class are collectively referred to as the "California Class Members" or the "California Class."

73. SAUNDERS also seeks to represent a subclass of the California Class Members defined as all non-exempt branch managers who were formerly employed by FAST AUTO within the State of California at any time four (4) years prior to the filing of this lawsuit and who in the aggregate worked more than eight (8) hours in a day or forty (40) hours in a week for FAST AUTO without being compensated at the proper premium or overtime rate. The individuals in this subclass are collectively referred to as "California Class Members Formerly Employed by Defendants" or the "California Former Employees Class."

74. This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

75. The number of plaintiffs is so high that joinder of all California Class Members is impracticable.  SAUNDERS is informed and believes, and on that basis alleges, that the California Class consists of more than fifty (50) individuals who have been employed by DEFENDANTS during the four (4) years immediately prior to the filing of the instant Complaint.  Although the exact number and identities of class members are unknown at this time, this information is readily ascertainable from DEFENDANTS through discovery of their payroll and personnel records.

76. A class action is a superior method for bringing this action because there is a well defined community of interest in the questions of law and fact.  Common questions of law and fact predominate over any questions affecting individual class members.  Questions of

1    law and fact common to the California Class Members include, but are not limited to:

2        a.    Whether DEFENDANTS failed to pay class members their full wages when due

3              as required by California Labor Code sections 201, 202, 203 and 204;

4        b.    Whether DEFENDANTS failed to pay class members overtime compensation or

5              premium pay in violation of California Labor Code sections 201, 202, 203, 204,

6              226, 510, 1174, 1174.5, 1194, and California Wage Order No. 4-2001 for hours

7              worked in excess of eight (8) or twelve (12) hours in one day or forty (40) hours

8              in one week, and for missed meal and rest periods;

9        c.    Whether California Class Members are entitled to "waiting time" penalties/wages

10             pursuant to California Labor Code section 203;

11       d.    Whether DEFENDANTS unlawfully failed to keep and furnish class members

12             with records of hours worked, in violation of California Labor Code sections 226

13             and 1174;

14       e.    Whether DEFENDANTS' policies and practices of failing to pay their employees

15             all wages due within the time required by law after their employment ended

16             violates California law; and

17       f.    Whether DEFENDANTS' conduct violated the California Unfair Competition

18             Law, California Business and Professions Code section 17200 *et seq.*, as alleged

19             in this Complaint.

20   77.  SAUNDERS and the California Class Members are similarly situated, have substantially

21        similar job duties, are subject to substantially similar pay provisions, and are all subject to

22        DEFENDANTS' illegal labor violations in their refusal to pay proper overtime and

23        premium compensation, and their refusal to timely pay employees all of their wages,

24        including upon termination.  DEFENDANTS have, and at all relevant times had, a policy

25        and practice of refusing to provide members of the California Class mandatory meal and

26        rest periods and premium pay for these missed periods, and of refusing to pay members of

27        the California Class overtime compensation for hours worked in excess of the minimum

28        threshold set by California law and applicable Wage Orders.

78. The claims of SAUNDERS are typical of the claims of the California Class. SAUNDERS will fairly and adequately represent and protect the interests of the California Class. SAUNDERS has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. SAUNDERS anticipates no management difficulties in this litigation. SAUNDERS reserves the right to join or add additional class or subclass representatives if deemed appropriate by the Court.

79. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members, or create a risk of adjudications with respect to individual class members that would be dispositive of the interests of the other members not parties to the individual adjudications.

80. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because DEFENDANTS acted or refused to act on grounds generally applicable to California Class Members, so that any final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

81. Class certification is also appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to California Class Members predominate over any questions affecting only individual California Class Members, and because the class action device is superior to other available methods for the fair and efficient adjudication of this litigation.

82. Since the damages suffered by individual California Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make, California Class Members' individual redress impractical for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual California Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent

1   rulings, which might be dispositive of the interests of other class members who are not

2   parties to the adjudications and/or may substantially impede their ability to adequately

3   protect their interests.  Moreover, SAUNDERS is informed and believes, and based

4   thereon alleges, that DEFENDANTS, in refusing to pay wages to the FLSA Class

5   Members and the California Class Members, have acted and refused to act on grounds

6   generally applicable to all claims, thereby making appropriate injunctive and monetary

7   relief for all members of each class.  Consequently, Class certification is proper under

8   Federal Rule of Civil Procedure 23(b)(2).

9   **PRIVATE ATTORNEY GENERAL ACT CLAIM ALLEGATIONS**

10   83.   SAUNDERS, on behalf of herself and California Class Members, repeats and re-alleges

11   each and every allegation contained in Paragraph Nos. 1 through 82, inclusive, above as

12   though set forth fully herein.

13   84.   Pursuant to California Labor Code section 2698 *et seq.*, the Private Attorneys General Act

14   ("PAGA") of 2004, SAUNDERS and California Class Members are entitled to recover

15   civil penalties pursuant to California Labor Code section 2699(f) provided the notice and

16   other procedures prescribed by the statute are followed.

17   85.   SAUNDERS and California Class Members provided notice to the Labor and Workforce

18   Development Agency and DEFENDANTS via Certified Mail postmarked on or about

19   October 1, 2015, alleging DEFENDANTS' violations of California Labor Code sections

20   201, 202, 203, 204, 218.6, 226, 226.3, 510, 511, 512, 1174, 1174.5, 1194, 1198, 1199,

21   and 2699(f) and (g) and of Wage Order No. 4-2001 with respect to SAUNDERS and the

22   California Class Members' employment with DEFENDANTS at all times relevant herein,

23   pursuant to the notice requirements of California Labor Code section 2699.3(a).

24   86.   As of November 23, 2015, more than thirty-three (33) days after SAUNDERS and

25   California Class Members provided notice to the Labor and Workforce Development

26   Agency, the Agency had not provided notice to SAUNDERS and California Class

27   Members that it would investigate the claims made pursuant to California Labor Code

28   section 2699 *et seq.*

87.   As the Labor and Workforce Development Agency has apparently declined to investigate SAUNDERS' and California Class Members' claims, SAUNDERS, on behalf of herself and California Class Members, and each of them, is entitled to civil penalties and attorneys' fees and costs recovered through a civil action, pursuant to California Labor Code sections 2699(f), 2699(g), and 2699.3(a)(2)(A), (a)(2)(C).

**FIRST CAUSE OF ACTION**
**For Failure to Pay Overtime Compensation**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**

88.   SAUNDERS, on behalf of herself and FLSA Class Members, repeats and re-alleges each and every allegation contained in Paragraph  Nos. 1 through 87, inclusive, above as though set forth fully herein.

89.   On information and belief, and at all relevant times, each and every Defendant named has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. section 203.  On information and belief, and at all relevant times, DEFENDANTS employed and/or continue to employ "employee[s]," including SAUNDERS and each of the prospective FLSA Class Members, who were and/or continue to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. section 203.

90.   On information and belief, DEFENDANTS are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA, 29 U.S.C. section 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of good for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that the enterprise has had and has an annual volume of sales made or business done of not less than $500,000.  At all relevant times, DEFENDANTS had gross operating revenues in excess of $500,000.

91.   On information and belief, SAUNDERS and FLSA Class Members are non-exempt employees entitled to overtime compensation for all hours worked in excess of forty (40)

1   in a seven (7) day work week.  SAUNDERS and FLSA Class Members are not subject to

2   any applicable exemptions from the requirement to pay overtime under Federal law.

3   92.   The FLSA requires DEFENDANTS as covered employers, to compensate all non-exempt

4   employees for all hours worked, and to compensate all non-exempt employees at a rate of

5   not less than one and one-half times their regular rate of pay for work performed in excess

6   of forty (40) hours in a work week.

7   93.   On information and belief, and at all relevant times, DEFENDANTS required, and still

8   require, the FLSA Class Members, as part of their employment, to work in excess of forty

9   (40) hours per week without overtime compensation in violation of the FLSA. The

10   precise number of hours will be proven at trial.

11   94.   DEFENDANTS violated and continue to violate the FLSA, 29 U.S.C. section 201 *et seq.*,

12   including 29 U.S.C. sections 207(a)(1) and 215(a), by failing to pay SAUNDERS and

13   FLSA Class Members at one and one-half times their regular rates of pay for all hours

14   actually worked in excess of forty (40) in a workweek for DEFENDANTS.  On

15   information and belief, and at all relevant times, SAUNDERS and FLSA Class Members

16   regularly worked in excess of forty (40) hours per week in the aggregate for

17   DEFENDANTS but were not paid for such overtime work.

18   95.   SAUNDERS is informed and believes that by failing to pay overtime compensation due

19   to SAUNDERS and FLSA Class Members, DEFENDANTS willingly, knowingly, and/or

20   recklessly violated the provisions of the FLSA that require the payment of overtime

21   compensation to non-exempt employees.

22   96.   SAUNDERS is informed and believes that as a result of DEFENDANTS' policy and

23   practice of withholding overtime compensation, SAUNDERS and FLSA Class Members

24   have been damaged in that they have not received wages owed them under the FLSA.

25   97.   On information and belief, DEFENDANTS made it difficult to account for the unpaid

26   overtime wages earned by SAUNDERS and FLSA Class Members at all times relevant to

27   this litigation because they did not make, keep, and preserve the full and actual hours

28   worked by SAUNDERS and FLSA Class Members, as required for non-exempt

COMPLAINT

*Saunders v. Fast Auto Loans, Inc., et al.*
Eastern District Court of California

employees under 29 U.S.C. section 211(c).

98.    On information and belief, DEFENDANTS' failure to retain accurate records of hours actually worked by SAUNDERS and FLSA Class Members was willful and deliberate and designed to serve their policy of unlawfully denying overtime wages to their employees.

99.    On information and belief, these violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. section 201 *et seq.*, and therefore DEFENDANTS' liability extends back three (3) years from the commencement of the instant action, pursuant to 29 U.S.C. section 255(a).

100.   On information and belief, SAUNDERS alleges that as a result of the unlawful acts of DEFENDANTS, SAUNDERS and FLSA Class Members were deprived of overtime compensation in amounts not yet fully ascertained, but to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, and/or prejudgment interest, attorneys' fees and costs, and other compensation allowable under 29 U.S.C. section 216(b) of the FLSA.

101.   SAUNDERS proposes to undertake appropriate proceedings to have such FLSA Class Members, aggrieved by DEFENDANTS' unlawful conduct, notified of the pendency of this action and join this action as FLSA Class Members, pursuant to 29 U.S.C. section 216(b), by filing written consents to joinder with the Court.

102.   As a result of the foregoing, SAUNDERS seeks judgment against DEFENDANTS on behalf of herself and the FLSA Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages owed by DEFENDANTS to SAUNDERS and the FLSA Class Members, pursuant to 29 U.S.C. section 203 *et seq.*, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. section 216(b). DEFENDANTS, as "employers" of SAUNDERS and the FLSA Class Members under 29 U.S.C. section 203(d), may be held jointly and severally liable for damages resulting from the failure to comply with the FLSA.

## SECOND CAUSE OF ACTION

**For Failure to Pay Overtime and Premium Compensation in Violation of California Law
(Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218, 218.5, 218.6, 510, 511, 512, 558,
1194, 1198, 1199)**

103.    SAUNDERS, on behalf of herself and California Class Members, repeats and re-alleges
each allegation contained in Paragraph  Nos. 1 through 102, inclusive, above as though
set forth fully herein.

104.    On information and belief, SAUNDERS and California Class Members were and/or are
employed by DEFENDANTS as non-exempt branch managers, and that at all relevant
times, each and every Defendant named has been, and continues to be, an "employer"
who directly or indirectly, or through an agent or any other person exercises control over
the wages, hours, or working conditions of any person, and engages, suffers or permits
SAUNDERS and California Class Members to work pursuant to Wage Order No. 4-2001.

105.    California law, including Wage Order No. 4-2001 and California Labor Code sections
510, 511, 512 and 1198, describe, *inter alia*, the daily and weekly minimum threshold
number of hours that non-exempt, covered employees may work before such employees
must be paid overtime compensation, and before such employees must be provided meal
and rest periods.

106.    "'Hours worked' means the time during which an employee is suffered or permitted to
work for the employer, whether or not required to do so. . ." Cal. IWC Wage Order
6-2001, Cal. Code Regs., tit. 8, § 11060 (2)(G).

107.    To the extent applicable, DEFENDANTS may adopt a regularly scheduled alternative
workweek schedule whereby PLAINTIFFS may work for no longer than ten (10) hours
per day within a forty (40) hour workweek without compensation at the overtime rate of
pay pursuant to California Labor Code section 511.

108.    To the extent applicable, DEFENDANTS may not adopt a regularly scheduled workweek
schedule whereby PLAINTIFFS must work for longer than five (5) hours per day without
being provided a meal period of not less than thirty (30) minutes, nor must work for four
(4) hours per day without being provided a rest period of not less than ten (10) minutes,

except pursuant to California Labor Code section 512 and Wage Order No. 4-2001.

109. Non-exempt California employees must be provided daily premium compensation of one hour of pay at a rate equal to the regular rate of pay for every meal period and rest period missed in a workday pursuant to California Labor Code section 512 and Wage Order No. 4-2001.

110. Non-exempt California employees must be provided daily overtime compensation at a rate of time and one half the regular rate of pay for all hours worked in excess of eight (8) hours in given workday or ten (10) hours in a given workday where a valid Section 511 alternative work schedule has been enacted.  Non-exempt California employees must be provided daily double-time premium pay at a rate of twice the regular rate of pay for all hours worked in excess of twelve (12) hours in given workday.  Non-exempt California employees must be provided overtime compensation at a rate of time and one half the regular rate of pay for all hours worked in excess of the forty (40) hour workweek.

111. On information and belief, SAUNDERS and California Class Members regularly worked more than eight (8) hours per day and/or ten (10) hours per day and/or forty (40) hours per week, but did not receive full and proper overtime wages for these hours of work.

112. On information and belief, SAUNDERS and California Class Members regularly worked more than twelve (12) hours per day, but did not receive full and proper premium wages for these hours of work.

113. On information and belief, SAUNDERS and California Class Members regularly worked more than five (5) hours per day, but did not receive the mandatory meal periods, nor the premium pay for these missed meal periods.

114. On information and belief, SAUNDERS and California Class Members regularly worked more than four (4) hours per day, but did not receive the mandatory rest periods, nor the premium pay for these missed rest periods.

115. California Labor Code sections 558, 1194, and 1199 direct that employers who violate California Labor Code provisions regulating hours and days of work are subject to payment of recovered wages, fines or other penalties.

116.    California Labor Code section 1194 states that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

117.    On information and belief, DEFENDANTS engaged in a business practice of requiring and encouraging SAUNDERS and California Class Members to work in excess of eight (8), ten (10), or twelve (12) hours per day and/or forty (40) hours per week, and depriving SAUNDERS and California Class Members of mandatory meal and rest periods.  As a result of this business practice and policy, SAUNDERS and California Class Members were not properly compensated for all the hours that DEFENDANTS required them to work.

118.    On information and belief, DEFENDANTS have failed and refused, and continue to fail and refuse, to pay SAUNDERS and California Class Members overtime, double-time, and premium compensation as required by California wage and hour laws.

119.    DEFENDANTS' conduct described in this Complaint violates the provisions of California Wage Order 4-2001 and California Labor Code section 1194.

120.    On information and belief, and at all times relevant, DEFENDANTS did not compensate SAUNDERS and California Class Members for time spent working in excess of the forty (40) hours per week, eight (8) hours per day, or applicable alternative workweek schedule, nor for missed meal and rest periods, in violation of California Wage Order No. 4-2001 and California Labor Code sections 510, 511, 512, and 1198.

121.    On information and belief, DEFENDANTS made it difficult to account for the unpaid overtime and premium wages earned by SAUNDERS and California Class Members at all times relevant to this litigation because they did not make, keep, and preserve the actual hours worked by SAUNDERS and California Class Members as required for non-exempt employees under California Labor Code section 1174(d) and California Wage Order No. 4-2001.

122.    On information and belief, DEFENDANTS' failure to retain accurate and correct records

1   of hours actually worked by SAUNDERS and California Class Members was willful and

2   deliberate and designed to serve their policy of unlawfully denying overtime and premium

3   wages to their employees.

4   123.   As a direct and proximate result of DEFENDANTS' conduct, SAUNDERS and

5   California Class Members were deprived of overtime and premium compensation in

6   amounts not yet fully ascertained, but to be determined at trial, and are entitled to

7   recovery of such amounts, together with interest, waiting time penalties, attorneys' fees,

8   litigation costs, and other compensation under California law.

9   124.   SAUNDERS and California Class Members, and each of them, are entitled to receive

10   unpaid wages, penalties and fines, and DEFENDANTS are subject to pay unpaid wages,

11   fines and penalties, pursuant to California Labor Code sections 558, 1194, and 1199, for

12   DEFENDANTS' failure to pay SAUNDERS and California Class Members for time

13   spent working in excess of the forty (40) hours per week, eight (8) hours per day, or

14   applicable alternative workweek schedule, and for uncompensated missed meal and rest

15   periods, in violation of California Wage Order No. 4-2001 and California Labor Code

16   sections 510, 511, 512, and 1198.

17   125.   SAUNDERS and California Class Members, and each of them, are entitled to recover

18   from DEFENDANTS all pre-judgment and post-judgment interest thereon pursuant to

19   California Labor Code section 218.6, and reasonable attorneys' fees and costs incurred in

20   prosecuting this action pursuant to California Labor Code sections 218, 218.5, and 1194,

21   and Code of Civil Procedure section 1021.5.

22   
23   **THIRD CAUSE OF ACTION**
**For Failure to Pay Full Wages When Due**
**(Cal. Labor Code §§ 201, 202, 203, 204, 1194, 1199)**

24   126.   SAUNDERS, on behalf of herself and California Class Members, repeats and re-alleges

25   each and every allegation contained in  Nos. 1 through 125, inclusive, above as though set

26   forth fully herein.

27   127.   California Labor Code section 201 requires an employer who discharges an employee to

28   pay compensation due and owing to said employee immediately upon the employee's

---

discharge.  California Labor Code section 202 requires an employer to promptly pay compensation due and owing to an employee within seventy-two (72) hours of that employee's termination of employment by resignation.  California Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required pursuant to California Labor Code sections 201 and 202 respectively, said employer is liable to said employee for waiting time penalties as described therein.

128. California Labor Code section 204 directs the timely payment of wages generally.

129. California Labor Code sections 1194 and 1199 direct the payment of unpaid wages and imposes penalties for failing to pay wages due.

130. On information and belief, SAUNDERS alleges that, by failing to compensate SAUNDERS and Formerly Employed California Class Members who were discharged from their employment with DEFENDANTS, DEFENDANTS have willfully failed to make timely payment of the full wages due to such employees, in violation of California Labor Code section 201.

131. On information and belief, SAUNDERS alleges that by failing to compensate Formerly Employed California Class Members who have quit their employment with DEFENDANTS, DEFENDANTS willfully failed to make timely payment of the full wages due to such employees, in violation of California Labor Code section 202.

132. On information and belief, SAUNDERS alleges that by failing to timely compensate Formerly Employed California Class Members who have quit or been discharged from their employment with DEFENDANTS, PLAINTIFFS are entitled to recover waiting time penalties pursuant to California Labor Code section 203.

133. On information and belief, SAUNDERS alleges that by failing to timely compensate SAUNDERS and Formerly Employed California Class Members for time worked, DEFENDANTS violated and continue to violate California Labor Code section 204.

134. SAUNDERS and Formerly Employed California Class Members, and each of them, are entitled to recover from DEFENDANTS all unpaid wages to which they are entitled, plus

1    pre-judgment and post-judgment interest thereon, and reasonable attorneys' fees and costs

2    incurred in prosecuting this action, pursuant to California Labor Code sections 218,

3    218.5, and 1194, and Code of Civil Procedure section 1021.5.

4    135.   Pursuant to California Labor Code section 1199, SAUNDERS and Formerly Employed

5    California Class Members, and each of them, are entitled to recover from

6    DEFENDANTS any penalties to which they are entitled for DEFENDANTS' failure to

7    pay wages less than the minimum fixed by an order of the labor commissioner.

8    **FOURTH CAUSE OF ACTION**
     **For Failure to Adhere to California Record-Keeping Provisions**

9    **(Cal. Labor Code §§ 226, 226.3, 1174, 1174.5; Cal. Wage Order No. 4-2001)**

10   136.   SAUNDERS, on behalf of herself and California Class Members, repeats and re-alleges

11   each and every allegation contained in Paragraph Nos. 1 through 135, inclusive, above as

12   though set forth fully herein.

13   137.   California Labor Code sections 226 and 1174 require employers to provide employees an

14   accurate written itemized statement showing, among other things, gross wages earned, the

15   total hours worked by the employee, all deductions, net wages earned, all applicable

16   hourly rates in effect during the pay period, and the corresponding number of hours

17   worked at each hourly rate by the employee.  California Labor Code sections 226(e),

18   226.3, and 1174.5 impose a penalty upon employers who fail to maintain such employee

19   records.

20   138.   On information and belief, SAUNDERS alleges that DEFENDANTS knowingly and

21   intentionally failed to provide timely, accurate, itemized wage statements including, *inter*

22   *alia*, total hours worked and the name and address of the legal entity that is the employer

23   as required by California Labor Code section 226(a) and California Wage Order No.

24   4-2001.  Such failure caused injury to SAUNDERS and California Class Members, by,

25   among other things, impeding them from knowing the amount of wages to which they

26   were and are entitled.  At all times relevant herein, DEFENDANTS failed to maintain

27   records of hours worked by SAUNDERS and California Class Members as required

28   under California Labor Code section 1174.

139. On information and belief, SAUNDERS alleges that DEFENDANTS failed to properly maintain adequate itemized statements of SAUNDERS and California Class Members' work and labor as required by law. On information and belief, SAUNDERS alleges that said failure was knowing and intentional by DEFENDANTS as DEFENDANTS sought to deprive SAUNDERS and California Class Members of their legitimate right to unpaid wages, and otherwise deprive SAUNDERS and California Class Members of overtime and premium compensation.

140. On information and belief, SAUNDERS alleges that as a result of DEFENDANTS' intentional and knowing failure to maintain adequate itemized statements, SAUNDERS and California Class Members could not ascertain the actual amount of compensation they earned and/or were entitled to, and thereby suffered damages in the form of accrued unpaid wages, overtime, premium pay, and interest.

141. Pursuant to California Labor Code section 226(e), an employee who suffers injury as a result of an employer's knowing and intentional failure to comply with subdivision (a), is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

142. Pursuant to California Labor Code section 226(g), an employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees. As such, SAUNDERS and California Class Members are entitled to penalties recoverable from DEFENDANTS as described herein, as well as reasonable costs and attorneys' fees pursuant to California Labor Code sections 218, 218.5, and 1194, and California Code of Civil Procedure section 1021.5.

143. Pursuant to California Labor Code section 226.3, failure to comply with California Labor Code section 226(a) incurs a penalty against the employer in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation.

144.   SAUNDERS and California Class Members, and each of them, are entitled to seek injunctive relief requiring DEFENDANTS to comply with California Labor Code sections 226(a) and 1174, and further seek all actual and statutory damages available for these violations under California Labor Code sections 226(e), 226.3, and 1174.5.

**FIFTH CAUSE OF ACTION**
**For Unfair Business Practices**
**(Cal. Bus. & Prof. Code § 17200 *et seq.*)**

145.   SAUNDERS, on behalf of herself and California Class Members, repeats and re-alleges each and every allegation contained in Paragraph  Nos. 1 through 144, inclusive, above as though set forth fully herein.

146.   SAUNDERS brings this cause of action in a representative capacity on behalf of herself, California Class Members, the general public, and the persons affected by the unlawful and unfair conduct described herein.

147.   DEFENDANTS' actions referenced above, including, but not limited to, the failure to pay SAUNDERS and California Class Members overtime and premium compensation, constitute unfair business practices in violation of the California Unfair Competition Law ("UCL"), pursuant to California Business and Professions Code section 17200 *et seq.*

148.   On information and belief, SAUNDERS alleges that the unfair, unlawful, and fraudulent business practices complained of herein are and were the regular business practice of DEFENDANTS, and that DEFENDANTS continue to conduct their unlawful and unfair practices described herein.

149.   As a result of this conduct, DEFENDANTS have unlawfully and unfairly obtained monies due to SAUNDERS and California Class Members.

150.   On information and belief, SAUNDERS alleges that all impacted individuals, including SAUNDERS and California Class Members, can be identified by reference to records in DEFENDANTS' custody, control, and possession.

151.   On information and belief, SAUNDERS alleges that through DEFENDANTS' failures to pay legally required wages, provide itemized statements of hours worked with payments of wages, to pay wages when due, and other conduct alleged herein, DEFENDANTS

1    violated numerous specific provisions of state and federal law and engaged in, and

2    continue to engage in, unlawful, unfair, and fraudulent business practices in violation of

3    the UCL, depriving SAUNDERS and California Class Members of rights, benefits, and

4    privileges guaranteed all employees under law, and caused SAUNDERS and California

5    Class Members to suffer injury in fact and to lose money and/or property.

6    152.   On information and belief, SAUNDERS alleges that by engaging in the unfair and

7    unlawful business practices complained of herein, DEFENDANTS were able to lower

8    their labor costs and thereby obtain a competitive advantage over law-abiding employers

9    with whom DEFENDANTS compete.

10   153.   On information and belief, SAUNDERS alleges that the harm to herself and California

11   Class Members in being wrongfully denied lawfully earned wages outweighs the utility, if

12   any, of DEFENDANTS' policies or practices and, therefore, DEFENDANTS' actions

13   described herein constitute an unfair business practice or act within the meaning of the

14   UCL.

15   154.   California Business and Professions Code section 17203 provides that the Court may

16   restore to an aggrieved party any money or property acquired by means of unlawful and

17   unfair business practices.  Under the circumstances alleged herein, it would be inequitable

18   and result in a miscarriage of justice for DEFENDANTS to continue to retain the property

19   of SAUNDERS and California Class Members.  SAUNDERS and California Class

20   Members are therefore entitled to restitution of the unfair benefits obtained and

21   disgorgement of DEFENDANTS' ill-gotten gains.  SAUNDERS, on behalf of herself and

22   California Class Members, and each of them, seek restitution of all unpaid wages owing

23   to them as well as all other available equitable relief.

24   155.   Injunctive relief pursuant to California Business and Professions Code section 17203 is

25   necessary to prevent DEFENDANTS from continuing to engage in the unfair business

26   practices alleged in this Complaint.  SAUNDERS is informed and believes, and therefore

27   alleges, that DEFENDANTS and/or persons acting in concert with DEFENDANTS have,

28   are now, and will continue to do or cause to be done, the illegal acts alleged in this

1  Complaint unless restrained and enjoined by this Court.  Unless the relief prayed for

2  below is granted, a multiplicity of actions will result.  SAUNDERS, on behalf of herself

3  and California Class Members, have no plain, speedy, or adequate remedy at law, for

4  reasons which include but are not limited to the following: (a) it is difficult to measure

5  the amount of monetary damages that would compensate SAUNDERS and California

6  Class Members for DEFENDANTS' wrongful acts; and (b) in any event, pecuniary

7  compensation alone would not afford adequate and complete relief.  The continuing

8  violation of law by DEFENDANTS will cause great and irreparable damage to

9  SAUNDERS, California Class Members and others similarly situated, unless

10  DEFENDANTS are immediately restrained from committing further illegal acts.

11  156.  SAUNDERS and California Class Members, and each of them, herein take upon

12  themselves enforcement of these laws and lawful claims.  There is a financial burden

13  incurred in pursuing this action.  Therefore SAUNDERS, on behalf of herself and

14  California Class Members, and each of them, seeks recovery of attorneys' fees and costs

15  of this action to be paid by DEFENDANTS, as provided by the California UCL and

16  California Labor Code sections 218, 218.5, and 1194, and California Code of Civil

17  Procedure section 1021.5.

18  157.  SAUNDERS and California Class Members, and each of them, are entitled to restitution

19  of all monies due to them, as well as disgorgement of the ill-gotten gains obtained by

20  DEFENDANTS as a result of their unlawful and unfair conduct at all times relevant to

21  this action.

22  158.  SAUNDERS and California Class Members, and each of them, are entitled to attorneys'

23  fees and costs for promoting the interest of the members of the general public in causing

24  DEFENDANTS to cease their unfair business practices, according to proof.

25  **SIXTH CAUSE OF ACTION**
   **For Private Attorneys General Act Claims**

26  **(Cal. Labor Code § 2698 *et seq.*)**

27  159.  SAUNDERS, on behalf of herself and California Class Members, repeats and re-alleges

28  each and every allegation contained in Paragraph Nos. 1 through 158, inclusive, above as

though set forth fully herein.

160. SAUNDERS, on behalf of herself and California Class Members, have complied with the notice requirements of submitting a Private Attorneys General Act claim pursuant to California Labor Code section 2699.3(a).

161. SAUNDERS, on behalf of herself and California Class Members, alleged violations of California Labor Code sections 201, 202, 203, 204, 210, 218.6, 226, 226.3, 510, 511, 512, 1174, 1174.5, 1194, 1198, 1199, 2699(f) and (g), and California Wage Order No. 4-2001 with respect to SAUNDERS and the California Class Members' employment with DEFENDANTS at all times relevant herein.

162. California Labor Code section 2699(f) provides for the payment of civil penalties for violation of provisions of the California Labor Code for which a civil penalty is not already provided.

163. California Labor Code section 2699(g) provides for the award of attorneys' fees and costs to an employee who prevails in an action brought under California Labor Code section 2698 *et seq.*

164. California Labor Code section 2699(i) provides that the civil penalties set forth in California Labor Code section 2698 *et seq.* shall be divided between the aggrieved employees and the Labor and Workforce Development Agency.

165. Pursuant to California Labor Code section 2699.3(a)(2)(C), SAUNDERS and California Class Members, and each of them, are entitled to civil penalties, and attorneys' fees and costs as set forth in California Labor Code sections 2699(f) and 2699(g) for DEFENDANTS' violations of California Labor Code sections 201, 202, 203, 204, 210, 218.6, 226, 226.3, 510, 511, 512, 1174, 1174.5, 1194, 1198, 1199, 2699(f) and (g), and California Wage Order No. 4-2001 with respect to SAUNDERS' and the California Class Members' employment with DEFENDANTS as alleged herein and in SAUNDERS' and the California Class Members' Private Attorneys General Act claim.

///

///

**PRAYER**

WHEREFORE, SAUNDERS, on behalf of herself and all Plaintiff Class Members, prays for relief as follows:

1.     An order declaring that the FLSA Class's claims may be maintained as a collective action and certifying the FLSA Class as alleged and prayed for herein;

2.     An order declaring the California Class's claims may be maintained as a class action and certifying the California Class as alleged and prayed for herein;

3.     An award to SAUNDERS and all FLSA Class Members for damages in the amount of unpaid overtime compensation and wages under the FLSA, including liquidated damages and/or pre-judgment interest subject to proof at the time of trial;

4.     An award to SAUNDERS and all members of the California Class of damages in the amount of unpaid overtime and premium compensation and wages under California law, including liquidated damages and/or pre-judgment interest subject to proof at the time of trial;

5.     For a determination that DEFENDANTS' conduct was reckless and/or an intentional, knowing, and willful violation of the FLSA, and therefore SAUNDERS and all members of the FLSA Class are entitled to recover damages for the three years prior to the filing of PLAINTIFFS' individual Consent to be Included in the FLSA Collective Action;

6.     For costs incurred as a result of this proceeding;

7.     An award to SAUNDERS and all Formerly Employed California Class Members for waiting time penalties provided in California Labor Code section 203;

8.     An award to SAUNDERS and all members of the Plaintiff Class of reasonable attorneys' fees and legal costs, including expert costs and fees, under 29 U.S.C. section 216(b), California Labor Code sections 218.5, 226(e), 1194, California Code of Civil Procedure section 1021.5, and/or any other applicable law;

9.     An award to SAUNDERS and all members of the California Class of all civil and statutory penalties authorized under California Labor Code sections 226, 226.3, 558, 1174.5, 1199 and/or other applicable law;

10.    An award to SAUNDERS and all members of the California Class of all civil penalties, and attorneys' fees and costs, authorized under California Labor Code sections 2699(f) and 2699(g);

11.    An award to SAUNDERS and all members of the California Class of pre- and post-judgment interest;

12.    An award of damages, statutory penalties, restitution and interest to be paid by DEFENDANTS according to proof;

13.    Appropriate equitable and injunctive relief to remedy DEFENDANTS' violations of the laws of California, including but not necessarily limited to an order enjoining DEFENDANTS from continuing their unlawful policies and practices; and,

14.    An award of such other and further relief as this Court may deem just and appropriate.

## JURY DEMAND

SAUNDERS, on behalf of herself and the Plaintiff Class Members, hereby demands trial by jury on all issues triable of right by jury.

Dated: December 18, 2015                  **MASTAGNI HOLSTEDT, APC**

                                          By: _/s/ Jeffrey R. A. Edwards_
                                          JEFFREY R. A. EDWARDS, ESQ.
                                          Attorney for PLAINTIFFS

COMPLAINT

-34-

*Saunders v. Fast Auto Loans, Inc., et al.*
Eastern District Court of California