UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KEYEANNA SAUNDERS, suing individually and by and on behalf of all others similarly situated, and the general public, | CIV. NO. 2:15-2624 WBS CKD |
| | ORDER RE: PLAINTIFF'S MOTIONS TO STRIKE AND DISMISS |
| Plaintiffs, | |
| v. | |
| FAST AUTO LOANS, INC., a California Corporation dba FAST AUTO AND PAYDAY LOANS; COMMUNITY LOANS OF AMERICA, INC., a Georgia Corporation; and ROBERT REICH, an individual, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

----oo0oo----

        Plaintiff Keyeanna Saunders initiated this putative

class action against defendants Fast Auto Loans, Inc. ("Fast Auto

Loans"), Community Loans of America, Inc. ("CLA"), and Robert

1

1  Reich, alleging wage and hour violations under the Fair Labor

2  Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and California

3  law.  Presently before the court is plaintiff's motion to dismiss

4  defendant Fast Auto Loans' four counterclaims pursuant to Federal

5  Rules of Civil Procedure 12(b)(1) and 12(b)(6) and to strike

6  defendants' forty-one affirmative defenses pursuant to Rule

7  12(f).  (Docket No. 6.)

8  I.   Motion to Dismiss

9    A. Subject Matter Jurisdiction

10        Plaintiff moves to dismiss defendant Fast Auto Loans'

11  four state law counterclaims for lack of subject matter

12  jurisdiction pursuant to Rule 12(b)(1) on the basis that

13  supplemental jurisdiction over the claims is improper.  (Pl.'s

14  Mot. at 10 (Docket No. 6-1).)  Under 28 U.S.C. § 1367, district

15  courts have supplemental jurisdiction over state law

16  counterclaims "that are so related to claims in the action within

17  such original jurisdiction that they form part of the same case

18  or controversy."  Section 1367 applies to state law claims

19  brought by a plaintiff as well as to counterclaims brought by a

20  defendant.  Sparrow v. Mazda Am. Credit, 385 F. Supp. 2d 1063,

21  1066 (E.D. Cal. 2005) (Wanger, J.).

22        Rule 13 defines two types of counterclaims: compulsory

23  and permissive.  A compulsory counterclaim "arises out of the

24  transaction or occurrence that is the subject matter of the

25  opposing party's claim."  Fed. R. Civ. P. 13(a).  The Ninth

26  Circuit applies the "logical relationship" test to determine if a

27  counterclaim is compulsory by analyzing "whether the essential

28  facts of the various claims are so logically connected that

2

considerations of judicial economy and fairness dictate that all
the issues be resolved in one lawsuit." Pochiro v. Prudential
Ins. Co. of Am., 827 F.2d 1246, 1249 (9th Cir. 1987) (citations
omitted); see also Mattel, Inc. v. MGA Entm't, Inc., 705 F.3d
1108, 1110 (9th Cir. 2013) ("A logical relationship exists when
the counterclaim arises from the same aggregate set of operative
facts as the initial claim, in that the same operative facts
serve as the basis of both claims or the aggregate core of facts
upon which the claim rests activates additional legal rights
otherwise dormant in the defendant." (citation omitted)).  "The
traditional rule is that federal courts have supplemental
jurisdiction over compulsory counterclaims, since a plaintiff
would otherwise lose his opportunity to be heard on that claim"
and they, by definition, form part of the same case or
controversy. Sparrow, 385 F. Supp. 2d at 1066-67.

A permissive counterclaim need not arise out of the
same transaction or occurrence as the opposing party's claim.
See Fed. R. Civ. P. 13(b) ("A pleading may state as a
counterclaim against an opposing party any claim that is not
compulsory."); id. R. 13 Advisory Committee's note to 2009
amendment ("The meaning of former Rule 13(b) is better expressed
by deleting 'not arising out of the transaction or occurrence
that is the subject matter of the opposing party's claim.'  Both
as a matter of intended meaning and current practice, a party may
state as a permissive counterclaim a claim that does grow out of
the same transaction or occurrence as an opposing party's claim
even though one of the exceptions in Rule 13(a) means the claim
is not a compulsory counterclaim.").

3

1           Defendant Fast Auto Loans' counterclaims are not

2    compulsory.  The four counterclaims for breach of contract, fraud

3    (false representations), fraud (omission/nondisclosure of

4    material facts), and unjust enrichment all arise out of

5    plaintiff's alleged failure to repay a $260 payday loan that she

6    obtained from Fast Auto Loans.  (Fast Auto Loans' Countercls. at

7    1-3 (Docket No. 5).)  The operative facts underlying Fast Auto

8    Loans' counterclaim revolve around plaintiff's failure to repay

9    the loan and allegedly fraudulent intent never to do so.  In

10   contrast, the operative facts underlying plaintiff's wage and

11   hour claims are that defendants required her to clock out in the

12   middle of the day to travel between branch locations and then

13   clock in again upon arrival in order to avoid providing the

14   required meal and rest breaks and overtime compensation.  (See

15   Compl. ¶ 13.)  The facts necessary to prove the two claims do not

16   substantially overlap.

17          Because Fast Auto Loans' counterclaims are not

18   compulsory, the next question is whether supplemental

19   jurisdiction over the permissive counterclaims nevertheless

20   exists under § 1367(a).  The Ninth Circuit has yet to decide the

21   question of whether, under § 1367(a), federal courts may exercise

22   supplemental jurisdiction over certain permissive counterclaims.

23   The Second and Seventh Circuits, however, have found that "§ 1367

24   has extended the scope of supplemental jurisdiction, as the

25   statute's language says, to the limits of Article III--which

26   means that '[a] loose factual connection between the claims' can

27   be enough."  Channell v. Citicorp Nat. Servs., Inc., 89 F.3d 379,

28   385 (7th Cir. 1996) (citing Ammerman v. Sween, 54 F.3d 423, 424

1   (7th Cir. 1995)); see also, Jones v. Ford Motor Credit Co., 358

2   F.3d 205, 213 (2d Cir. 2004).  This court joins the several

3   others in the Eastern District of California that have made the

4   same determination.  See, e.g., Sparrow, 385 F. Supp. 2d at 1067

5   ("However, just because a state law claim does not arise out of

6   the same transaction or occurrence as the federal law claim does

7   not mean that the state law claim does not arise out of facts

8   that bear some relationship to the facts from which the federal

9   claim arises so that the state claim and the federal claim are

10  considered part of the same constitutional 'case.'"); Fidelity

11  Nat. Title Col v. U.S. Small Bus. Admin., Civ. No. 2:13-2030 KJM

12  AC, 2014 WL 1883939, at *6 (E.D. Cal. May 12, 2014); Clear

13  Connection Corp. v. Comcast Cable Commc'ns Mgmt., LLC, Civ. No.

14  2:12-2910 TLN CKD, 2014 WL 8214006, at *13 (E.D. Cal. Dec. 8,

15  2015).

16          In this case, there is a sufficient factual connection

17  between plaintiff's federal claims and Fast Auto Loans' state

18  counterclaims.  If nothing else, Fast Auto Loans' counterclaims

19  are at least relevant to its defense that it is entitled to

20  offset against any recovery by plaintiff on her wage and hour

21  claims due to her default on the loan.  Accordingly, the court

22  finds Fast Auto Loans' counterclaims form part of the same case

23  or controversy and the court therefore has supplemental

24  jurisdiction.

25          Under § 1367(c), district courts may decline to

26  exercise supplemental jurisdiction over claims otherwise allowed

27  if:

28          (1) the claim raises a novel or complex issue of State

5

law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Plaintiff argues the court should decline to exercise supplemental jurisdiction because allowing Fast Auto Loans to bring a debt collection counterclaim against plaintiff would have a chilling effect on people who might otherwise bring suits for relief under FLSA.  (Pl.'s Mot. at 12.)  At this stage of the proceedings, the court cannot determine that any of the above conditions exist here.

The record presently before the court does not present compelling reasons to grant plaintiff's motion to dismiss Fast Auto Loans' counterclaims under § 1367(d).  If it appears later in the proceedings that Fast Auto Loans' counterclaims should be severed or dismissed, a motion can be made at that time.

B. Failure to State a Claim

On a motion to dismiss under Rule 12(b)(6), the court must accept the allegations in the counter-complaint as true and draw all reasonable inferences in favor of the nonmoving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a counterclaimant must plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a [counter-

1  ]defendant has acted unlawfully," and where a counter-complaint

2  pleads facts that are "merely consistent with a [counter-

3  ]defendant's liability," it "stops short of the line between

4  possibility and plausibility." Ashcroft v. Iqbal, 556 U.S. 662,

5  678 (2009) (quoting Twombly, 550 U.S. at 557).

6      "While a [counter-]complaint attacked by a Rule

7  12(b)(6) motion to dismiss does not need detailed factual

8  allegations, a [counterclaimant's] obligation to provide the

9  'grounds' of his entitle[ment] to relief' requires more than

10 labels and conclusions . . . ." Twombly, 550 U.S. at 555

11 (citations omitted). "Threadbare recitals of the elements of a

12 cause of action, supported by mere conclusory statements, do not

13 suffice." Iqbal, 556 U.S. at 678; see also Iqbal, 556 U.S. at

14 679 ("While legal conclusions can provide the framework of a

15 complaint, they must be supported by factual allegations.").

16      Plaintiff first argues that Fast Auto Loans' breach of

17 contract counterclaim should be dismissed because it did not

18 state with sufficient specificity which of its responsibilities

19 were excused due to plaintiff's nonperformance. (Pl.'s Mot at

20 13.)  The elements of a breach of contract are: "(1) the

21 contract, (2) plaintiff's performance or excuse for

22 nonperformance, (3) defendant's breach, and (4) the resulting

23 damages to plaintiff." Reichert v. Gen. Ins. Co. of Am., 68 Cal.

24 2d 822, 830 (1968).  Fast Auto Loans alleges that (1) plaintiff

25 obtained a payday loan on May 7, 2015 in the amount of $260 and

26 signed a promissory note obligating her to repay the loan on May

27 15, 2015, (2) "Fast Auto performed all of its obligations and

28 conditions under the Loan except those that were excused by

7

1  Plaintiff's nonperformance, conduct, or breach," (3) plaintiff
2  did not make the payment when it became due, and (4) as a result
3  of plaintiff's breach, it has been damaged in the amount of $260
4  plus the $39 service fee.  (Fast Auto Loans' Countercls. at 1.)
5  While Fast Auto Loans included somewhat ambiguous language about
6  having performed all of its obligations "except those that were
7  excused by Plaintiff's nonperformance," Fast Auto Loans clearly
8  explained the nature of the loan and the manner in which
9  plaintiff allegedly breached the loan agreement.  Accordingly,
10 the court will deny plaintiff's motion to dismiss the breach of
11 contract counterclaim.

12         Plaintiff next moves to dismiss Fast Auto Loans two
13 fraud counterclaims.  "In alleging fraud or mistake, a party must
14 state with particularity the circumstances constituting fraud or
15 mistake.  Malice, intent, knowledge, and other conditions of a
16 person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).
17 Thus, where a complaint alleges fraud, Rule 9(b) "requires more
18 specificity including an account of the 'time, place, and
19 specific content of the false representations as well as the
20 identities of the parties to the misrepresentations.'"  Swartz v.
21 KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citation omitted).
22 The counter-defendant must have "'notice of the particular
23 misconduct which is alleged to constitute the fraud charged so
24 that they can defend against the charge and not just deny that
25 they have done anything wrong.'"  Id. (citation omitted).  "Mere
26 failure to pay without more does not plausibly show any intent to
27 defraud or induce reliance--a necessary element of fraud."
28 Yamauchi v. Cotterman, 84 F. Supp. 3d 993, 1019 (N.D. Cal. 2015).

1    Fast Auto Loans alleges that plaintiff submitted the

2    application for the payday loan without ever intending to repay

3    it, "as evidenced by her immediate failure to make the required

4    payment." (Fast Auto Loans' Countercls. at 2.)  It further

5    alleges that plaintiff "concealed the true facts and her

6    intentions" and "by doing so, she made deceptive and misleading

7    those facts, representations, and promises she did disclose."

8    (Id.)  The only fact that Fast Auto Loans offers in support of

9    its fraud claims is plaintiff's failure to pay.  This fact alone

10   is not sufficient to meet the Iqbal/Twombly plausibility

11   standard, let alone the heightened Rule 9(b) standard.  The

12   innocent inference that plaintiff failed to pay for some other

13   reason, such as a lack of funds or negligence, is far more

14   plausible than the guilty inference of fraud.  Accordingly, the

15   court will grant plaintiff's motion to dismiss both fraud

16   counterclaims.

17   Lastly, plaintiff moves to dismiss Fast Auto Loans'

18   unjust enrichment counterclaim. (Pl.'s Mot. at 15.)  "[U]njust

19   enrichment is a common law obligation implied by law based on the

20   equities of a particular case and not on any contractual

21   obligation." Fed. Deposit Ins. Corp. v. Dintino, 167 Cal. App.

22   4th 333, 346 (4th Dist. 2008).  "It is synonymous with

23   restitution." McBride v. Boughton, 123 Cal. App. 4th 379, 387

24   (1st Dist. 2004).  "[R]estitution may be awarded in lieu of

25   breach of contract damages when the parties had an express

26   contract, but it was procured by fraud or is unenforceable or

27   ineffective for some reason. . . . Alternatively, restitution may

28   be awarded where the defendant obtained a benefit from the

1  plaintiff by fraud, duress, conversion, or similar conduct." <u>Id.</u>

2  at 388.  Fast Auto Loans alleges only that "[b]y virtue of the

3  acts and conduct alleged above, Plaintiff has been unjustly

4  enriched.  On information and belief, Plaintiff obtained benefits

5  of $260.00 by obtaining a Loan that she intended never to, and

6  did not, repay.  By right and equity, such amount belongs to Fast

7  Auto." (Fast Auto Loans' Countercls. at 3.)  Given that Fast

8  Auto Loans failed to plausibly allege its fraud counterclaims,

9  its unjust enrichment counterclaim must also fail.  Accordingly,

10  the court will grant plaintiff's motion to dismiss Fast Auto

11  Loans' unjust enrichment counterclaim.

12  II.  <u>Motion to Strike</u>

13       Under Rule 8(c), an affirmative defense "is a defense

14  that does not negate the elements of the plaintiff's claim, but

15  instead precludes liability even if all of the elements of the

16  plaintiff's claim are proven." <u>Barnes v. AT&T Pension Benefit</u>

17  <u>Plan-Nonbargained Program</u>, 718 F. Supp. 2d 1167, 1173 (N.D. Cal.

18  2010) (citation omitted).  "A defense which demonstrates that

19  plaintiff has not met its burden of proof is not an affirmative

20  defense." <u>Zivkovic v. S. Cal. Edison Co.</u>, 302 F.3d 1080, 1088

21  (9th Cir. 2002); <u>see also</u> <u>G&G Closed Circuit Events, LLC v.</u>

22  <u>Nguyen</u>, Civ. No. 10-00168 LHK, 2010 WL 3749284, at *5 (N.D. Cal.

23  Sept. 23, 2010) ("[A]llegations that the Plaintiff cannot prove

24  the elements of his claims are not affirmative defenses.").

25       Rule 12(f) provides that "[t]he court may strike from a

26  pleading an insufficient defense or any redundant, immaterial,

27  impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The

28  Ninth Circuit has held an affirmative defense is sufficiently

10

1   pled if it provides plaintiff with "fair notice" and describes

2   the affirmative defenses in "general terms." Kohler v. Flava

3   Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015); see also Beco

4   Dairy Automation, Inc. v. Global Tech Sys., Inc., Civ. No. 1:12-

5   1310 LJO SMS, 2015 WL 5732595, at *10 (E.D. Cal. Sept. 28, 2015);

6   Aubin Indus., Inc. v. Caster Concepts, Inc., Civ. No. 2:14-2082

7   MCE CKD, 2015 WL 3914000, at *6 (E.D. Cal. June 25, 2015).

8   "While this is less demanding than the Twombly/Iqbal standard, it

9   still requires a party to plead some factual basis for its

10  allegations." Beco Dairy Automation, Inc. v. Global Tech Sys.,

11  Inc., Civ. No. 1:12-1310 LJO SMS, 2015 WL 9583012, at *2 (E.D.

12  Cal. Dec. 31, 2015); see also Qarbon.com Inc. v. eHelp Corp., 315

13  F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("A reference to a

14  doctrine, like a reference to statutory provisions, is

15  insufficient notice.").

16          Plaintiff moves to strike the following defenses,

17  arguing that defendants improperly labeled these negative

18  defenses as affirmative defenses: (1) failure to state a claim,

19  (3) failure to plead with certainty and particularity, (11) good

20  faith reliance, (12) no willful or intentional violation, (13)

21  not compensable time pursuant to the Portal-to-Portal Act of

22  1947, 29 U.S.C. § 251, (14) non-compensable time because

23  plaintiff was not subject to the control of employer, (17)

24  improper collective action because plaintiff is not similarly

25  situated to members of the class, (18) failure to satisfy the

26  opt-in requirements, 29 U.S.C. § 216(b), (19) improper class

27  action because of a lack of adequacy, typicality, and

28  superiority, (20) improper representative action under the

1  Private Attorneys General Act ("PAGA"), (22) no injury, (23)

2  unconstitutionally vague standards of liability, (24) plaintiff's

3  request for exemplary, double, or punitive damages violates

4  defendants' procedural due process rights, (25)

5  unconstitutionally excessive fines, (26) no malice, fraud, or

6  oppression, (27) equitable relief improper, (28) injunctive

7  relief improper for non-current employees, (29) unclean hands,

8  (34) equitable indemnity, (35) any unlawful conduct was the

9  product of employees' unauthorized contravention of established

10  company policies, (36) unavailability of compensatory or punitive

11  damages under alleged causes of action, (37) Complaint is barred

12  by the de minimus doctrine, (38) plaintiff lacks standing, (41)

13  entitlement to offset due to plaintiff's default on a payday

14  loan.  (Pl.'s Mot. at 3-5.)

15       Except with regard to defendants' unclean hands,

16  offset, and equitable indemnity defenses,[1] the court agrees with

17  plaintiff that the above-enumerated defenses are not true

18  affirmative defenses but rather attacks on plaintiff's prima

19  facie case.  In addition to the defenses identified by plaintiff,

20  the court also finds that the following were improperly

21  designated as affirmative defenses: (5) damages under FLSA should

22  _____

23  [1]   See Kendall-Jackson Winery, Ltd. v. Superior Court, 76
Cal. App. 4th 970, 977-78 (5th Dist. 1999) (describing unclean
hands as an affirmative defense); Interstate Grp. Adm'rs, Inc. v.
24  Cravens, Dargan & Co., 174 Cal. App. 3d 700, 706 (1st Dist. 1985)
("[S]etoffs must generally be affirmatively pleaded."); Kroll &
25  Tract v. Paris & Paris, 72 Cal. App. 4th 1537, 1545 (4th Dist.
1999) ("Even without the indemnity cross-complaint, Kroll & Tract
26  can show the negligence of Paris & Paris was the cause of San
Jose Crane's injury through the affirmative defense of
27  comparative negligence, thereby reducing any liability it may
have.").
28

12

1  be calculated as fluctuating workweeks, 29 C.F.R. § 778.114, (6)

2  defendants did not suffer or permit the alleged overtime work,

3  (7) defendants had no knowledge of hours and overtime hours

4  worked, (8) plaintiff was provided all required meal periods,

5  (10) plaintiff was permitted to take all required rest breaks,

6  and (21) no entitlement to waiting time penalties because there

7  was no willful failure to pay wages owed at termination.

8  Accordingly, the court will designate these mischaracterized

9  affirmative defenses as defenses but deny plaintiff's motion to

10  strike.

11         Plaintiff also moves to strike defendants' affirmative

12  defenses on the grounds that they are insufficiently pled and

13  fail to provide fair notice.  The court will individually address

14  each of defendants' remaining affirmative defenses.

15         Defendants' second affirmative defense alleges that

16  plaintiff's "Complaint, and each purported cause of action

17  alleged therein, is barred in whole or in part by the applicable

18  statutes of limitation and/or time bars, including without

19  limitation Sections 337, 338(a), 340(a) of the California Code of

20  Civil Procedure, Section 203(b) of the California labor Code,

21  Section 17208 of the California Business and Professions Code,

22  and Section 255 of Title 29 of the United States Code."  (Defs.'

23  Answer at 27 (Docket No. 5).)  While defendants cite to the

24  relevant legal authority, they fail to point to any relevant

25  facts to support their statute of limitations defense.  For

26  example, defendants do not identify plaintiff's dates of

27  employment or when her claims allegedly expired.  As a result,

28  the court finds this defense is insufficiently pled and will

1   grant plaintiff's motion to strike.

2          In their fourth affirmative defense, defendants claim

3   the court lacks personal jurisdiction over defendants CLA and

4   Reich due to insufficient minimum contacts in California.  (Id.)

5   Defendants allege CLA has no offices in California and has not

6   entered into contracts for the sale or purchase of merchandise in

7   California; Reich is not a resident of California; and neither

8   CLA nor Reich have consented to be sued in California.  (Id.)

9   While defendants fail to identify the relevant legal authority,

10  the court finds that they nonetheless pled this affirmative

11  defense with sufficient particularity to put plaintiff on notice.

12         In their ninth affirmative defense defendants assert

13  plaintiff waived any right to a meal period.  (Id. at 28.)

14  Defendants do not identify relevant law authorizing meal break

15  waivers or identify when or how plaintiff may have waived this

16  right.  Accordingly, the court finds this defense insufficiently

17  pled.

18         Defendants' fifteenth affirmative defense avers

19  plaintiff's claims are barred because plaintiff failed to comply

20  with the notice requirements of California's Private Attorneys

21  General Act, Cal. Labor Code § 2698.  (Id. at 30.)  Defendants

22  allege that the notice did not identify the specific provisions

23  of the code alleged to have been violated or the facts and

24  theories of the case.  As a result, defendants state they were

25  "unable to determine what practices or policies were the subject

26  of Plaintiff's complaint."  (Id.)  Defendants identified both the

27  relevant portion of the California Labor Code and the reasons why

28  plaintiff's notice allegedly fell short.  The court therefore

1  finds this defense is sufficiently pled and denies plaintiff's

2  motion to strike.

3       In contrast, in their sixteenth affirmative defense

4  defendants vaguely allege plaintiff has "no private right of

5  action" under the applicable California law.  (Id. at 30.)  It is

6  entirely unclear why plaintiff may not have a private right of

7  action and, as a result, the court will grant plaintiff's motion

8  to strike this defense.

9       Defendants also thinly allege their thirtieth defense

10 of laches, thirty-first defense of waiver, thirty-second defense

11 of estoppel, and thirty-third defense of res judicata.

12 Defendants state that plaintiff's claims are barred on each of

13 these grounds and allege no supporting facts whatsoever.  (Id. at

14 35.)  Accordingly, the court will grant plaintiff's motion to

15 strike these affirmative defenses.

16       Defendants' thirty-ninth affirmative defense states

17 that class members' claims are barred to the extent they have

18 entered into settlements, compromises, or releases encompassing

19 claims asserted in this motion.  (Id. at 37.)  The court will

20 grant plaintiff's motion to strike as defendants fail to

21 specifically identify any relevant compromises or settlements or

22 individual class members who might be barred.

23       Defendants also vaguely contend in their fortieth

24 affirmative defense that class members are exempt from overtime

25 or premium compensation.  (Id.)  Defendants state that "the

26 claims of various persons on whose behalf relief is sought are

27 barred because such persons are and were at all relevant times

28 exempt from overtime, premium compensation and the other

15

1    allegedly relevant provisions of the Fair Labor Standards Act

2    ("FLSA"), California law and applicable regulations and wage

3    orders." (Id.)  Defendants further contend that even if class

4    members do not fall within an exemption, they are exempt because

5    they were "not meeting the realistic expectations of his/her

6    employer or the realistic requirements of the job." (Id.)

7    Defendants again fail entirely to specify which Fast Auto Loans

8    employees may have been exempt or why defendants have reason to

9    believe employees were not meeting the expectations of the job.

10   The court will therefore also grant plaintiff's motion to strike

11   the fortieth affirmative defense.

12        Lastly, the court will deny plaintiff's motion to

13   strike defendants' forty-first affirmative defense for offset.

14   Defendants allege in detail why they are allegedly entitled to

15   offset and recoup against any recovery by plaintiff due to her

16   default on a payday loan.  (Id. at 37.)

17        Accordingly, the court will grant plaintiff's motion to

18   strike the following of defendants' affirmative defenses: (2)

19   statute of limitations, (9) meal break waiver, (16) no private

20   right of action, (30) laches, (31) waiver, (32) estoppel, (33)

21   res judicata, (39) compromise and release, and (40) exemptions

22   from overtime or premium compensation.

23        IT IS THEREFORE ORDERED that plaintiff's motion to

24   dismiss (Docket No. 6) be, and the same hereby is, GRANTED

25   without prejudice with respect to Fast Auto Loans fraud and

26   unjust enrichment counterclaims and DENIED with respect to its

27   breach of contract counterclaim.

28        IT IS FURTHER ORDERED that plaintiff's motion to strike

1   (Docket No. 6) be, and the same hereby is, GRANTED with respect

2   to defendants' affirmative defenses of statute of limitations,

3   meal break waiver, no private right of action, laches, waiver,

4   estoppel, res judicata, compromise and release, and exemption

5   from overtime or premium compensation and DENIED with respect to

6   the remaining defenses.

7          Defendants have thirty days from the date this Order is

8   signed to file an amended Answer, if they can do so consistent

9   with this Order.

10  Dated:   April 25, 2016

            WILLIAM B. SHUBB
            UNITED STATES DISTRICT JUDGE

17