DAVID P. MASTAGNI, ESQ. (SBN 57721)
DAVID E. MASTAGNI, ESQ. (SBN 204244)
ISAAC S. STEVENS, ESQ. (SBN 251245)
JEFFREY R. A. EDWARDS, ESQ. (SBN 265597)
DAVID L. KRUCKENBERG, ESQ. (SBN 307051)
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 I Street
Sacramento, California 95811-3151
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
jedwards@mastagni.com

Attorneys for Plaintiff and Counterdefendant

James H. Berry, Jr. (State Bar No. 075834)
Kate LaQuay (State Bar No. 178250)
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 700
Los Angeles, California  90067
Telephone:    (310) 557-0050
Facsimile:     (310) 557-0056
Email: jberry@lgbfirm.com
Email: klaquay@lgbfirm.com

Attorneys for Defendants and Counterclaimant
FAST AUTO LOANS, INC.,
COMMUNITY LOANS OF AMERICA, INC., and
ROBERT REICH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYEANNA SAUNDERS, suing individually and by and on behalf of all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>FAST AUTO LOANS, INC., a California Corporation D/B/A/ FAST AUTO AND PAYDAY LOANS; COMMUNITY LOANS OF AMERICA, INC., a Georgia Corporation; and ROBERT REICH, an individual,<br><br>Defendants. | Case No.: 2:15-CV-02624-WBS-CKD<br><br>Date Action Filed: Dec. 18, 2015<br><br>**CLASS ACTION & COLLECTIVE ACTION**<br><br>**STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE AND [PROPOSED] ORDER THEREON** |
| | Case No.: 2:15-CV-02624-WBS-CKD |

| | |
|---|---|
| FAST AUTO LOANS, INC., a California Corporation, | ) ) ) |
| Counterclaimant, | ) ) |
| vs. | ) ) |
| KEYEANNA SAUNDERS, an individual, | ) ) ) |
| Counterdefendant. | ) ) |

The parties to the above captioned action, through their respective counsel, hereby STIPULATE to the following:

1. Plaintiff KeyeAnna Saunders alleged that she presently or was previously employed by Defendants. Plaintiffs and Defendants shall be collectively referred to herein as "Parties."

2. Plaintiff filed the above captioned action ("Action") on behalf of herself and all others similarly situated alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the California Labor Code and California Industrial Welfare Commission wage orders, and the California Business and Professions Code. This Court has jurisdiction over the subject matter of this Action and over the Parties.

3. Plaintiff has not filed for class or collective action certification and no class or collective action has been certified. No other individual has joined in the action as a plaintiff.

4. The Defendants filed an Answer to the Complaint denying its material allegations and asserting affirmative defenses thereto.

5. Fast Auto Loans, Inc. filed a Counterclaim against KeyeAnna Saunders alleging breach of contract and fraud causes of action. Saunders filed an Answer to the Counterclaim denying its material allegations and asserting affirmative defenses thereto.

6. The Parties dispute the applicability of the FLSA, the California Labor Code and California Industrial Welfare Commission wage orders, and the California Business and Professions Code to the facts as alleged in the Complaint. The Parties also dispute the facts as alleged in the Counterclaim.

7. The Parties wish to avoid the potential uncertainty, expense, and delay of litigation and have therefore reached an agreement to settle this matter. The terms of the Parties' agreement are embodied in the Settlement Agreement and General Release ("Settlement Agreement") that all Parties have executed. A copy of the Settlement Agreement is attached hereto as Exhibit A and incorporated herein.

8. When employees bring a private action for compensation under the FLSA, and present the District Court a proposed settlement, the District Court may enter a judgment after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Courts should approve settlements "in recognition of the policy encouraging settlement of disputed claims." *In re Prudential Sec. Inc. Ltd Partnerships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995).

THEREFORE, the Parties, through their respective counsel, request that the Court:

1. Find that the Settlement Agreement contains a fair and just negotiated resolution to the current dispute between the Parties in this case;
2. Approve the Settlement Agreement by signing the Order set forth below;
3. Reserve jurisdiction over this Action and the Counterclaim for the limited purpose of enforcing the Settlement Agreement;
4. Upon the Court's approval of the Settlement Agreement, dismiss this Action and the Counterclaim with prejudice. The Parties shall bear their respective attorney's fees and costs. No Party is a prevailing party or entitled to attorney's fees or costs

///
///
///
///
///
///
///

3   Case No.: 2:15-CV-02624-WBS-CKD

| | |
|---|---|
| 1 | Dated:  July 29, 2016 |

                                   Respectfully submitted,

                                   LANDAU GOTTFRIEND & BERGER LLP

By: */s/ James H. Berry, Jr.*
JAMES H. BERRY, JR.
Attorneys for Defendants
COMMUNITY LOANS, INC. and ROBERT REICH and Defendant-Counterclaimant FAST AUTO LOANS, INC.

MASTAGNI HOLSTEDT, APC

By: */s/ Jeffrey R.A. Edwards*
JEFFREY R. A. EDWARDS
Attorneys for Plaintiffs and Counterdefendant KEYEANNA SAUNDERS

---

4    Case No.: 2:15-CV-02624-WBS-CKD

STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE AND [PROPOSED] ORDER THEREON

# ORDER

Before approving a Fair Labor Standards Act ("FLSA") settlement, the court must scrutinize it to determine if it "is a fair and reasonable resolution of a bona fide dispute." <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1355 (11th Cir. 1982). If it reflects "a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." <u>Id.</u> at 1354.

In this case, there is a bona fide dispute between the parties regarding the applicability of FLSA, the California Labor Code and California Industrial Welfare Commission wage orders, and the California Business and Professions Code to the facts alleged in the Complaint. (Stipulation ¶ 6 (Docket No. 23).) Furthermore, the Settlement Agreement appears to be fair and reasonable. The Settlement Agreement provides the total sum of $10,000 to plaintiff in full and final settlement of her claims. (<u>Id.</u> Ex. A, Settlement Agreement ¶ 7 (Docket No. 23-1).) Pursuant to the Settlement Agreement, $5,000 is allocated towards plaintiff's claims under the FLSA and $5,000 is in exchange for plaintiff's execution of a general release of all known and unknown claims that are held or may be held by her, including claims for any compensation, wages, or other sums. (<u>Id.</u>) The release settles all disputes and matters between defendants and plaintiff as an individual but does not release, waive, or otherwise affect the rights and claims of any putative class members referred to in the Complaint. (<u>Id.</u> ¶ 3.) After carefully reviewing the Stipulation and Settlement Agreement, the court therefore finds that the terms of the settlement agreement are fair and reflect a reasonable compromise.

Based upon a review of the record, and good cause appearing, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. The Settlement Agreement, which is incorporated herein by reference, is approved as fair, reasonable, and just in all respects as to the Plaintiff, the Defendants, and the Counterclaimant and Counterdefendant, and the Parties shall perform the Settlement Agreement in accordance with its terms;

2. The Court reserves jurisdiction over this Action for the purpose of enforcing the

1 | Settlement Agreement;

2 | 3. The Court has made no findings or determination regarding the law or facts in dispute, and this Order and any exhibits and any of the other documents or written materials prepared in conjunction with the Stipulation and this Order shall not constitute evidence of, or any admission of, any violation of the law by any of the Parties;

4. This Action including the Counterclaim are hereby dismissed with prejudice;

5. There is no prevailing party. All Parties shall bear their own respective attorney's fees and costs.

IT IS SO ORDERED:

Dated: August 2, 2016

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6                Case No.: 2:15-CV-02624-WBS-CKD